OPINION UPON RECONSIDERATION
On January 25, 1995, Patricia S. Stocklas was killed in an auto accident that was allegedly caused by the negligence of James Kephart. Mrs. Stocklas and one other passenger were riding in a car driven by Dianne M. Sidoti. Mrs. Stocklas was insured by State Farm Insurance Co. ("State Farm"); Mrs. Stocklas's son, David, who was not in the accident and did not live with her, had automobile insurance with the Erie Insurance Group ("Erie"); Mrs. Sidoti's car was insured by Westfield Insurance Co. ("Westfield"); and, Mr. Kephart was insured by Motorist Mutual ("Motorist").
On May 6, 1996, Mrs. Stocklas's estate and various members of her family, who are the appellants in this matter, filed a complaint for declaratory judgment against Erie, State Farm, and Westfield to determine their coverage under these policies. They had previously had claims for underinsured motorist benefits denied.
Mr. Kephart was insured by Motorist for liability up to $300,000. Mrs. Sidoti's vehicle had $500,000 in underinsured motorist coverage from Westfield. Of the $300,000 of liability insurance from Mr. Kephart's policy, Motorist paid Mrs. Stocklas's estate $260,175.70. Westfield set off the $260,175.70 paid by Motorist against its $500,000 underinsured liability limit and paid the estate $239,824.30.
The Erie policy provided that "[d]isagreement over the legal right to recover damages from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle or the amount of damages shall be settled by arbitration." David Stocklas was a resident of Pennsylvania and the insurance contract with Erie was executed in Pennsylvania. The accident occurred in Ohio, and both Mrs. Stocklas and Mr. Kephart lived in Ohio at the time of the accident. On October 22, 1996, the trial court granted a motion to dismiss, filed by Erie, for lack of subject matter jurisdiction, which was appealed to this court. We reversed and remanded. Stocklas v. Erie Insurance Group (Oct. 10, 1997), Lake App. No. 96-L-186, unreported.
On June 11, 1998, the trial court: granted summary judgment to State Farm; granted Erie's motion to stay the proceedings against it pending arbitration; granted summary judgment to Westfield because it determined that Westfield had paid the limit of its liability; and, denied appellants' motions for summary judgment, filed against Westfield and State Farm. Appellants appeal and raise the following assignments of error for our review:
 "[1.] The trial court erred when it granted Westfield National Insurance Company's motion for summary judgment and denied appellants' motion for summary judgment.
 "[2.] The trial court erred in granting State Farm's motion for summary judgment and denying appellants' motion for summary judgment.
 "[3.] The trial court erred in referring the claim under appellee Erie Insurance Group's policy to arbitration and doing so without deciding the applicable law to be applied by the arbitrators."
Appellants and State Farm have settled and dismissed their claim. Therefore, appellants' second assignment of error is moot.
In its decision, the trial court concluded that because the accident occurred after R.C. 3937.18 was amended, the amended R.C.3937.18 is the law applicable to this case, even though the insurance policies were executed prior to the amendment. However, since the decision of the trial court, the Ohio Supreme Court decided Ross v. Farmers Ins. Group (1998), 82 Ohio St.3d 281,695 N.E.2d 732, which held that the law in effect on the date of the policy renewal is the law that controls recovery. Thus, this case is controlled by former R.C. 3937.18 as interpreted by the holding in Savoie v. Grange Mutual Ins. Co. (1993), 67 Ohio St.3d 500,620 N.E.2d 809.
In appellants' first assignment of error, they assert that the trial court erred by applying the wrong law when granting summary judgment to Westfield and by not allowing them to collect up to the full $500,000 policy limit from Westfield. The trial court granted summary judgment because Westfield had already paid what it considered to be the limit of its policy. Westfield agrees that the Ross decision should be applied to the case and that the entry of summary judgment against appellants should be reversed and remanded to the trial court.
In Savoie, the court held that: "* * * underinsured motorists * * * are entitled to collect up to the full amount of their underinsured policy to the extent that their damages exceed the amounts which the tortfeasor's insurer has already paid to them."Id. at 508. "In determining the amount of underinsurance coverage to be paid on a claim involving an accident governed by former R.C. 3937.18, the underinsurance provider is entitled to set off the amounts actually recovered from the tortfeasor's liability carriers against the insured's total damages, rather than against its policy limits." Cole v. Holland (1996), 76 Ohio St.3d 220,667 N.E.2d 353, syllabus. Thus, if appellants' damages exceed the amount already paid by Motorist, they are entitled to recover the unsatisfied balance of their damages from the full amount of Westfield's $500,000 policy. Appellants' first assignment of error has merit.
In their third assignment of error, appellants assert that the trial court erred by staying proceedings pending arbitration, with regard to the Erie policy, without deciding if the appropriate issues were in dispute and without determining whether a conflict of law existed between Ohio and Pennsylvania.[1]
In Stocklas at 6, we directed the trial court that "[s]hould [it] conclude the case involves a determination of either appellant's right to recover from the alleged tortfeasor or the amount of damages, the court should stay the proceedings[.]" The current complaint by appellants is for a declaratory judgment and merely prays for the court to declare that David Stocklas is provided coverage under his policy. Appellants' complaint does not pray for the court to determine whether the tortfeasor is liable for the damages or in what amount. If David Stocklas is not entitled to coverage under this policy, arbitration is unnecessary. Therefore, the issues discussed in the Stocklas
appeal were not before the trial court. The trial court erred by staying the proceedings without determining whether David Stocklas was entitled to coverage; appellants' third assignment of error has merit.
For the foregoing reasons, we reverse the judgment of the trial court and remand this case. The trial court is to enter a judgment setting forth the amount of coverage available, if any, under the Westfield and Erie insurance policies.
MAHONEY (EDWARD), J., Ret., Ninth Appellate District, sitting by assignment, EVANS, J., Ret., Third Appellate District, sitting by assignment, concur.
[1] R.C. 2711.02 provides that: "[a]n order under this section that grants or denies a stay of a trial of any action pending arbitration * * * is a final order and may be reviewed, affirmed, modified, or reversed on appeal." Thus, the trial court's order is an appealable order.